The opinion of the Coiu't was delivered by
JohnstoN, Ct-i.
The appeal of Thomas E. Ison is founded entirely in misconception.
This defendant, in his answer admits the gift of the stallion; and whatever he says afterwards, of payments made for him* was matter in avoidance; and is not proved by the answer,— but must be established by evidence aliunde. This is the clear and well established rule on the subject. We have observed, with regret, that of late, a decision in the case of McCaw vs. Blewit (2 McC. Ch. 101-2,) has been cited by the bar as authority to the contrary. However important and valuable that case may be, on other points, — on this point it is clearly erroneous, and has never been followed ; and we have no hesitation in overruling it.
The question, whether a stallion is an advancement, is one of easy solution, in this case. It is admitted that gifts, or contributions, made by a father to his child, for the purpose of pleasure or amusement merely, are not, in their nature, advancements. A saddle horse, a buggy or like articles, if given with no view to profit, but merely for the gratification of the child, *19 do not come -within the idea of having .been bestowed on him <! in anticipation of what he might inherit,” or “ with a view to his settlement in life.”(a) But the gift of a stallion to be employed, as in this case, as a foal-getter and for profit, — is the gift of a tangible portion of the father’s estate, as so much capital: and, whatever difficulty may exist on this general head of law, in other instances, is certainly an advancement in this case.
Certainly, in ascertaining the amount of this advancement, reference should be had to the description of the horse at the time of the gift, and the value of a horse of that description at the death of the intestate. The rule is laid down in McCaw vs. Blewit, (2 McC. Ch. 103-4,) which is the leading case, in this State, upon the subject; and has always been followed in subsequent cases.
The decision of the Chancellor was merely that the stallion was an advancement; not the amount to be charged for him. That is for the Commissioner, on further consideration of the report.
The Court concurs with the Chancellor in refusing to charge certain distributees, whom the intestate had permitted to occupy portions of his land, with rent, as an advancement. Jf they owed him for the rent it was a -debt. If- he charged nothing for the occupancy, (as was the fact,) the permission to occupy was a mere accommodation, and no advancement. An advancement always embraces the idea, that the parent has parted from his title in the subject advanced. But if the intestate, in this instance, had actually given the land, the statute expressly exempts the donee from accountability for the rent: much more are the parties exempt, where the whole matter was simply per-* missive, and the object was mere accommodation.
It is ordered that the decree be affirmed, and the appeal dismissed.
Dunkin, Dargan and Wardlaw, CO., concurred.

Appeal dismissed.

 Vide Bouv. L. Die. Advancements, and McCaw vs. Blewit, 2 McC. Ch. 102-3.